UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE VON SEIFERT ROSS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-845 |
| | § | |
| UNKNOWN SIMMONS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Willie Von Seifert Ross filed a complaint under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights by six defendants. Three of those defendants, Anita Anderson, Jody Vincent, and Jason Smith, filed a motion to dismiss. For the reasons stated below, defendants' motion is granted.

**I.   Background**

At all times relevant to this case, Ross was an inmate in the Estelle Unit of the Texas Department of Criminal Justice ("TDCJ"). At all relevant times, defendants were TDCJ employees.

Ross contends that defendant Anderson used racial slurs toward him and refused to give him a grievance form when he requested one. Complaint at 3. He alleges that defendant Smith told plaintiff he was going to "knock his black ass out." *Id.* Plaintiff lists defendant Vincent as a defendant on the first page of his complaint, but does not mention him anywhere else in the complaint.

Defendants Anderson, Vincent, and Smith moved to dismiss. Plaintiff did not respond to the motion.

**II.   Analysis**

   **A.   Standard of Review**

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

**B. Personal Involvement**

To prevail on his claim, Ross must demonstrate that each defendant was personally involved in the alleged constitutional violation, or that the defendant committed wrongful acts that were causally connected to a constitutional deprivation. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012). Other than naming him as a defendant, Ross makes no allegations against defendant Vincent. He therefore fails to allege that Vincent was personally involved in any alleged constitutional violation, and Vincent must be dismissed from this case.

**C. Excessive Force**

The crux of Ross' allegations against Anderson and Smith is that they used racial slurs, and that Smith threatened him with physical violence. The mere use of racial epithets does not rise to the level of a constitutional violation. *See, e.g., Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999). Nor does Ross' allegation that Smith threatened to "knock his black ass out" raise to the level of a constitutional violation. An Eighth Amendment claim for use of excessive force requires proof of some injury resulting from the use of excessive force. *See Ramirez v. Martinez*, 716 F.3d 369, 377 (5th Cir. 2013). Ross alleges no use of force and no injury, but only a vague threat. Therefore, Ross' excessive force claim against Anderson and Smith must be dismissed.

**D. Defendant Simmons**

The complaint also names as a defendant C.O. Simmons. *See* Complaint at 3. Plaintiff alleges only that Simmons woke him up and called him a racial epithet.

Simmons is not a party to this motion to dismiss. However, section 1915A of title 42 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint presents no cognizable claims, the court must dismiss the complaint.

As noted above, the mere use of racial epithets is not a constitutional violation. Therefore, plaintiff fails to present a cognizable claim against Simmons, and his claim against Simmons must be dismissed.

### E. Other Defendants

Ross' complaint also names as defendants C.O. Tucker and C.O. Rolland. He does not give first names for these defendants. The Attorney General of Texas has advised the Court that efforts to identify these two defendants have been unsuccessful. *See* Docket Entry No. 21. As a result, these two defendants have not been served with the complaint.

Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court . . . after notice to the plaintiff – must dismiss that action without prejudice against that defendant or order that service be made within a specified time.

Plaintiff filed his complaint on March 14, 2014. More than 120 days have passed since that date. While the Court ordered service of the complaint on behalf of Ross, service on Tucker and Rolland has been impossible because plaintiff has not adequately identified them, and the Attorney General has been unable to identify any TDCJ personnel by those names who were working at the Estelle Unit at the relevant time. Therefore, plaintiff must identify these defendants within 30 days of the date of this order, or the Court will dismiss his claims against Rolland and Tucker without prejudice.

### F. Conclusion

For the foregoing reasons, the motion to dismiss by defendants Anderson, Vincent, and Smith is granted, and the Court *sua sponte* dismisses plaintiff's claim against defendant Simmons. Plaintiff must identify defendants Rolland and Tucker within 30 days of the date of this order, or they will be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

### III. Order

It is ORDERED that:

1. Defendants Anderson's, Vincent's, and Smith's motion to dismiss (Dkt. No. 19) is granted;

2. Defendant Simmons is *sua sponte* dismissed from this case; and

3. Plaintiff must identify defendants Rolland and Tucker within 30 days of the date of this order, or they will be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

SIGNED on this 12th day of February, 2015.

_____
Kenneth M. Hoyt
United States District Judge